365 So.2d 789 (1978)
Robert L. CHATMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 77-1656.
District Court of Appeal of Florida, Fourth District.
December 20, 1978.
*790 Richard L. Jorandby, Public Defender, and Harvey R. Schneider, Asst. Public Defender, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and John D. Cecilian, Asst. Atty. Gen., West Palm Beach, for appellee.
SCHWARTZ, ALAN R., Associate Judge.
Three months before his three year probation imposed for possession of a firearm by a convicted felon was due to expire, Chatman's probation was revoked; he was adjudicated guilty, and sentenced to fifteen, later mitigated to five years imprisonment. Upon our determination that the record does not demonstrate a violation of the terms of the defendant's probation, we reverse the judgment below.
Chatman was charged with and found guilty of violating two conditions of the probation, those requiring him to "work diligently at a lawful occupation" and to "carry out all instructions" of his supervisor. As to the first, the record shows only that Chatman had held two jobs during the 33 month period in question, the second of which had terminated (a year before the affidavit of violation was filed) because of difficulties with his co-workers which may have been racially related. While Chatman's work record may not have been bee-like, the state, in attempting to prove this belatedly-filed technical violation, did not, as was required, establish that the probationer had willfully and not "without fault" failed to maintain employment. Coulson v. State, 342 So.2d 1042, 1043 (Fla. 4th DCA 1977). Hence this basis for the revocation cannot be upheld. See also Page v. State, 363 So.2d 621 (Fla. 1st DCA 1978); Jones v. State, 360 So.2d 1158 (Fla. 1st DCA 1978); Freiberger v. State, 343 So.2d 57 (Fla. 4th DCA 1977); Bienz v. State, 343 So.2d 913 (Fla. 4th DCA 1977); § 948.03(1)(e), Fla. Stat. (1977) (permitting condition that probationer "work faithfully at suitable employment insofar as may be possible").
The other ground is similarly unsupportable. The probationer was found guilty of violating his supervisor's instructions to pay $10.00 per month for his cost of supervision. It is firmly settled, however, that a probationer may not be violated for breach of a requirement imposed, as was this one, by his probation officer, rather than by the court, which has the sole lawful authority to do so. Barber v. State, 344 So.2d 913 (Fla. 3rd DCA 1977); Page v. State, supra.
The order of revocation and the judgment and sentence are therefore reversed and the cause remanded with directions to discharge the defendant.
Reversed and Remanded.
LETTS and BERANEK, JJ., concur.