FARMER, Judge.
When defendant was sentenced in October 1995 for dealing in stolen property, his probation order contained the following relevant-conditions:
“8. You will promptly and truthfully answer all inquiries directed to you by the Court or your [Probation] Officer, and al-' low your Officer to visit in your home, at your employment site or elsewhere, and you will comply with all instructions your Officer may give you.
[[Image here]]
“11. Within the next available appt [sic] you must undergo a substance abuse evaluation at a time, date and location as specified by your Probation Officer. You must successfully complete any treatment and education determined to be necessary as a result of the evaluation, which may include residential treatment.”
In December 1995 he reported to Dunklin Treatment Center (DTC) and was evaluated for continuing treatment, which he completed.[1] In June 1996 DTC recommended another period of continuing treatment, which he completed in December 1996.
In March 1997 a new Probation Officer, one Urquhart, instructed him to enter DTC once again for evaluation, testing and counseling. Defendant testified that he presented himself two days later to DTC; but the Director of DTC, Hugh Orrow, refused to admit him because he had twice previously been treated there. Urquhart testified, however, that he spoke to an unnamed person at DTC who testified that their records show no admission after December 1996.
Urquhart also testified that on the same day in March 1997 he instructed defendant to “pick up” from the local police a copy of a restraining order not to harass his wife. The wife testified at the revocation hearing that she had obtained a restraining order that barred defendant from coming to her residence, and that she had told defendant of the order. Urquhart testified that he obtained an affidavit from the wife stating that defendant had called her and made threats.
Defendant was charged with violating condition 8 in that he failed to enter DTC in March 1997 for treatment, and also that he failed to comply with Urquhart’s instructions about the restraining order by telephoning his wife. He was also charged with violating condition 11 by failing to enter and complete the in-patient treatment program át? DTC as instructed by Urquhart in March 1997. The trial court found that the alleged violations of both conditions were established. We reverse.
First as to condition 8, the charge that he failed to begin and complete treatment at DTC on March 5,1997, as instructed by Urquhart, it is clear that this alleged violation relates only to that part of condition 8 requiring him to comply with all of his Probation Officer’s instructions. We held in Chatman v. State, 365 So.2d 789 (Fla. 4th DCA 1978), that a probation officer cannot establish a new condition of probation, the violation for which revocation can be had, under the general condition requiring compliance with all the officer’s instructions. As we said in Chatman:
*335 “It is firmly settled, however, that a probationer may not be violated for breach of a requirement imposed, as was this one, by his probation officer, rather than by the court, which has the sole lawful authority to do so.”
365 So.2d at 790; see also Morales v. State, 518 So.2d 964 (Fla. 3d DCA 1988) (error to revoke probation for violating officer’s instruction that probationer set up appointment for drug counseling, where the drug appointment was imposed only by the officer and not by the sentencing order itself).
The alleged violation of calling his wife is equally unavailable as a basis for revocation. Even if a violation of the restraining order itself could serve as a legal ground, here the order was described by the wife as merely barring visits at her home, while the allegation was that he had telephoned her. We also note that the restraining order itself was never placed in evidence by the state.
With regard to the alleged violation of condition 11, we note that the condition as worded requires that defendant enter and complete treatment “within' the next available appt [sic].” The evidence was uncontra-dicted that he had complied with this condition by two, six-month long stays in 1995-96 at DTC which he successfully completed. Focusing on the literal text of this condition, the evidence does not support a finding of violation.
Moreover, the evidence simply does not support this finding of violation. Defendant testified that he attempted to enter DTC two days after Urquhart instructed him to do so, but the director of that program turned him away. Urquhart’s testimony contradicting defendant was that Urquhart had called an unnamed person at DTC who told him that their records showed no participation there by defendant after December 1996. Obviously, Urquhart’s testimony does not logically rebut defendant’s. If DTC had indeed turned him away their records would not show him there. Even more importantly, however, hearsay evidence alone is insufficient to support a violation of probation. Ford v. State, 678 So.2d 432 (Fla. 4th DCA 1996); Kiess v. State, 642 So.2d 1141 (Fla. 4th DCA 1994). On this issue the present case is identical to Grant v. State, 616 So.2d 1184 (Fla. 3d DCA 1995), where the court said that “[t]he record shows that Grant’s direct testimony that he had reported was contradicted only by plainly insufficient hearsay evidence that he had not.” 616 So.2d at 1185.
Finally, even assuming that Urquhart’s hearsay testimony was sufficient to overcome defendant’s testimony, the violation relates to a failure to coxhply with a condition imposed by the officer, not by the original sentencing order. This of course brings us full circle to where we began. A violation of the officer’s instructions is not sufficient to revoke unless the condition was imposed by the court.
REVERSED.
WARNER and KLEIN, JJ., concur.

. His Probation Officer also instructed him at that time to attend 90 AA meetings within 90 days, which he also completed.