PER CURIAM.
Michael Eddie (Eddie), on March 12, 1995, was convicted of two counts of committing a lewd, lascivious, or indecent act and sentenced to concurrent split sentences of 5/6 years in prison followed by five years on probation with the express condition that he have no unsupervised contact with minor children. Eddie was released from incarceration in January 1998. Eddie, upon his release, was permitted to reside with his aunt and uncle and their two minor children, with the condition that Eddie have no unsupervised contact with the minor children. A probation officer, on April 28, 1998, filed an affidavit alleging that Eddie violated his probation by having unsupervised contact with the two minor children and by failing to move from his residence within three days after being instructed to do so by his probation officer. The trial court, following the violation of probation hearing, found that Eddie had violated his probation by having unsupervised contact with the two minor boys with whom he resided and by failing to change his residence as instructed by his probation officer. Sufficient evidence in the record supports the first of the two grounds for revocation, that Eddie had unsupervised contact with the two minors, and for this reason we affirm the order of revocation. The second ground for revocation, however, must be vacated because violation of a condition imposed by a probation officer, rather than *584 by the trial court, will not support revocation of probation. Kiess v. State, 642 So.2d 1141, 1142 (Fla. 4th DCA 1994) (holding that “[violation of a condition which is imposed by a probation officer, rather than an express condition of the trial court, cannot serve as a basis for revocation of probation”).
Accordingly, we affirm the order of revocation, but only on the ground that Eddie had unsupervised contact with the two minor boys.
AFFIRMED in part and REVERSED in part.
ALLEN, LAWRENCE and BENTON, JJ., CONCUR.