835 So.2d 354 (2003)
Earl Thomas ACKERMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 5D02-843.
District Court of Appeal of Florida, Fifth District.
January 24, 2003.
James B. Gibson, Public Defender, and Noel A. Pelella, Assistant Public Defender, Daytona Beach, for Appellant.
Charlie Crist, Attorney General, Tallahassee, and Rebecca Roark Wall, Assistant Attorney General, Daytona Beach, for Appellee.
*355 PER CURIAM.
Defendant below, Earl Thomas Ackerman ["Ackerman"], was charged by amended information with lewd or lascivious act in the presence of a child under the age of sixteen and stalking. He entered a plea of nolo contendere to a lesser charge of "attempt" and was placed on sex offender probation for five years. On August 21, 2001, the State filed an affidavit charging Ackerman had violated probation Condition 5 by committing a new law violation and Condition 8 by failing to obey the instructions of the probation officer.[1] Following a hearing, the court entered an order finding Ackerman in violation of probation, revoking his probation, and sentencing him to three years imprisonment. He now appeals his judgment and sentence, contending that the trial court erred in revoking his probation because the alleged violation was not a judicially announced condition of his probation but was unilaterally imposed by his probation officer.
At the violation of probation and sentencing hearing, Christine Oliver, a pre-kindergarten teacher at the Leesburg Regional Medical Center ["LRMC"] Learning Center and also Ackerman's next door neighbor, testified that she was at the center when one of the teachers informed her that there was a truck stuck in the mud in front of the school. She recognized Ackerman and believed that Ackerman was not supposed to be near the child care center. On cross-examination, she explained that the center was for children of hospital employees and that it was located on hospital grounds. There were no signs on the building indicating it is a day care and a chain-link fence surrounded the center. There is playground equipment surrounding the center as well. She agreed that a person visiting the hospital could park near the day care center.
Barbara Hudson, another teacher at the LRMC day care center, testified that she observed Ackerman driving his truck back and forth in front of the center for thirty to forty-five minutes before he eventually got stuck in the mud and she called hospital security.
Officer Michael Cassidy with the Leesburg Police Department testified that he arrived on the scene in response to a call that there was a sex offender near the day care property. He stated he observed Ackerman standing less than 100 feet from the day care center in the parking lot with a security officer and that Ackerman's truck was stuck in the mud. The officer issued a trespass warning to Ackerman at that time. He testified this did not constitute a crime or law violation. Ackerman moved for dismissal as to Condition 5 of the affidavit because the testimony indicated there was no law violation. The State offered no objection.
Probation officer William Gouveia testified that he had informed Ackerman of all the conditions of his probation, including Conditions 5 and 8. The probation officer also testified that during his meeting with Ackerman he "emphasized that he was not to have any contact with playgrounds and other places where children congregate." Barbara Ackerman, Ackerman's mother, testified that her son left work that day around 5:00 p.m. He had told her he was going to the hospital to pay a bill and then to meet his probation officer between 6:00 p.m. and 6:30 p.m.
Ackerman testified on his own behalf. He testified that he went to the hospital to *356 pay a bill[2] and then planned on meeting with his probation officer. Ackerman stated he parked his car in the parking lot and went to the wrong building to pay his bill. Upon realizing it was the wrong building, he claimed that he went to another building where he was informed that the office he needed was closed because it was after 5:00 p.m. Ackerman then testified he got in his truck to leave, but that it got stuck in the mud in the parking lot. He claimed he was in the parking lot for five or six minutes before being contacted by the security guard. Ackerman also stated that he was not aware that the building next to the parking lot was a day care center. He testified that he had been on sex offender probation for over two years as of the day of the incident.
Officer Cassidy was recalled to the stand to testify that Ackerman offered no explanation as to why he was in the parking lot when asked by the officer on the day the trespass warning was issued.
At the close of testimony, the court ruled:
So I think that ... the evidence is there to support a factual finding that Mr. Ackerman was, in fact, in violation of condition eight of his probation in that he was violating the instructions which were given to him by his probation officer to remain apart and away from child daycare centers, which is what the Court finds that he has, in fact, done. So the Court is going to adjudicate Mr. Ackerman guilty of the violation.
Defense counsel noted for the record its objection that the violation alleged was outside the oral pronouncements of the court at the time of the sentence.
Ackerman here contends that the condition prohibiting him from being near any facility where children might gather is one which was unilaterally imposed by his probation officer, and therefore not a valid condition of his probation. He further argues that the condition was so vague that it ensured violation.
The State responds that Ackerman waived any challenge to probation by accepting the benefit of probation and failing to challenge the conditions of probation until they were violated. It further responds that the probation officer had the discretion to set reasonable restrictions that were within the parameters of the written probation conditions.
Probation may not be revoked for violation of a condition or requirement unilaterally imposed by a probation officer but not by the trial court in the sentencing order. Perez v. State, 805 So.2d 76 (Fla. 4th DCA 2002); Eddie v. State, 740 So.2d 583 (Fla. 1st DCA 1999) (citing Kiess v. State, 642 So.2d 1141 (Fla. 4th DCA 1994)). However, the Florida supreme court has held that reasonable delegations by the trial court of incidental discretion to a probation officer are allowed. Larson v. State, 572 So.2d 1368 (Fla.1991). In Larson, the Court stated:
For example, we believe this can include authority for a probation officer to supervise the counseling required of some defendants, so long as this discretion is to be used only for rehabilitative purposes and does not take on the character of an essentially judicial act.
Id. at 1371.
The written conditions of Ackerman's probation prohibited him from living *357 within 1,000 feet of a school, day care center, park, playground, or other place where children regularly congregate, as prescribed by the court (Condition 25). There was also a prohibition on unsupervised contact with a child under the age of 18 without another adult present unless authorized by the sentencing court (Condition 28), and a prohibition on working for pay or as a volunteer at any school, day care enter, park, playground, or other place where children regularly congregate (Condition 29). There is, however, no condition which prohibits "contact with playgrounds or other places where children congregate." The order of the probation officer resulting in the violation is more than the exercise of delegated incidental discretion. In this case, the probation officer went beyond supervising the probationer's judicially imposed conditions; he imposed a new condition. See, e.g. Paterson v. State, 612 So.2d 692 (Fla. 1st DCA 1993). The trial court's several "child contact" instructions were thorough: He could not live near a day care center or playground and he could not work there. He also could not have unsupervised contact with a child. He was not prohibited by the court, however, from mere physical presence near such a facility. Since only the court can impose probation conditions on Ackerman, the instruction by the probation officer not to have any contact with playgrounds or other places children congregate was not a valid limitation on Ackerman's conduct. His probation could not be revoked for violating such an invalid condition. See White v. State, 606 So.2d 1265 (Fla. 1st DCA 1992).
REVERSED and REMANDED.
SHARP, W., GRIFFIN and ORFINGER, JJ., concur.
NOTES
[1] "You will promptly and truthfully answer all inquiries directed to you by our supervising officer, and allow the officer to visit in your home, at your employment site or elsewhere, and you will comply with all instructions he may give you."
[2] Gloria Escorcia, an employee for patient financial services at LRMC, testified that no payments were made by Ackerman on the date the trespass warning was issued. On cross-examination, she testified that Ackerman did have an outstanding balance with the hospital for medical care.