EVANDER, J.
Appellant was on probation as a result of being convicted in 1995 on two counts of attempted sexual battery. As a result of his convictions, he was designated a sexual predator. In November 2004, appellant was charged with violating his probation. After an evidentiary hearing, the trial court issued a written order finding appellant had violated three conditions of his probation and sentencing him to 170 months in the Department of Corrections followed by 10 years of probation. We affirm in part and reverse in part.
In its order, the trial court found appellant had willfully and substantially violated conditions (9), (gg.3a.), and (5) of his probation order. We write primarily to discuss appellant’s challenge to the court’s finding as to condition (9). This condition provided:
You will promptly and truthfully answer all inquiries directed to you by the Court or any Probation or Community Control Officer, and allow your Officer to visit in your home, at your employment site, or elsewhere, and you will comply with all instructions your Officer may give you.
Appellant had been instructed by his probation officer not to sleep overnight at any address other than his approved address without the probation officer’s permission. The record supports the court’s finding that appellant did not comply with this instruction.
Appellant contends, however, that the probation officer exceeded his authority by giving this instruction. In support of his argument, appellant cites Ackerman v. State, 835 So.2d 354 (Fla. 5th DCA 2003). In Ackerman, this court held that a probation officer was without authority to order a probationer to have no contact with playgrounds or other places where children congregate, where the probation order only provided that the probationer could not reside within 1,000 feet of, or work at, a school, day care center, park, playground or any other place where children regularly congregate.
Ackerman is distinguishable. The basis of this court’s holding in Ackerman was that the probation officer’s instruction had taken the character of a judicial act by essentially imposing a new condition of probation. Id. at 356-357. The probation officer’s instruction was not limited to merely requesting information from the probationer to better enable the probation officer to supervise the probationer.
By contrast, the probation officer’s instruction in this ease did not purport to be a blanket prohibition of appellant spending overnights at any residence other than his own. Thus, the probation officer’s instruction did not impose a new condition of the appellant’s probation and did not “take on the character of an essentially judicial act.” Larson v. State, 572 So.2d 1368, 1371 (Fla.1991).
Rather, it was a reasonable instruction to assist the probation officer in his supervision of appellant. Such information would enable the probation officer to determine whether a minor child resided at *801 the residence at which appellant proposed to spend the night and, if so, to ensure that adequate measures were taken to prevent the probationer from having unsupervised contact with the minor child. A probation officer may give a probationer directions which are reasonably intended to assist the officer in ensuring that the probationer complies with the conditions of probation, provided that such directions are not inconsistent with the probation order. Parissay v. State, 687 So.2d 30 (Fla. 5th DCA 1997).
The court’s finding that appellant violated (gg.3a.) by having unsupervised contact with a child under the age of 16 (other than his own children) is also supported by the record. However, we remand this case to the trial court to strike its finding that defendant violated condition (5).
Our review of the transcript indicates that notwithstanding the reference to condition (5) in his written order, the trial judge did not intend to find defendant guilty of violating condition (5). Indeed, the record reflects that the judge felt it was unnecessary for the state to proceed with any evidence related to an alleged violation of condition (5). Therefore, the trial court’s order is affirmed in all respects except as to its finding that appellant had violated condition (5). Appellant need not be present for disposition, on remand. See Stephens v. State, 756 So.2d 200 (Fla. 2d DCA 2000); Dunlap v. State, 405 So.2d 796 (Fla. 2d DCA 1981).
AFFIRMED in part; REVERSED in part; REMANDED.
GRIFFIN and SAWAYA, JJ., concur.