982 So.2d 747 (2008)
Emilio ARANDA, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 4D07-2979.
District Court of Appeal of Florida, Fourth District.
June 4, 2008.
*748 Carey Haughwout, Public Defender, and Alan T. Lipson, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Laura Fisher Zibura, Assistant Attorney General, West Palm Beach, for appellee.
KLEIN, J.
Appellant, when he was twenty years old, had a relationship with a fourteen year old, who became pregnant and had their child. After pleading no contest he served six months in the county jail followed by two years of probation. In this appeal he challenges the trial court's finding that he violated probation by having contact with the victim which resulted in a five and one-half year prison sentence. We reverse because one of the conditions appellant was found to have violated was not a condition, another was unsupported by any evidence, and the remaining violation was not substantial.
The pertinent provisions of the probation order were as follows:
8. You will promptly and truthfully answer all inquiries directed to you by the court of your officer . . .
* * *
14. You may not have any contact with the victim in this case, directly or indirectly, nor through a third person, unless approved by the Court.
15. Until successful completion of a sex offender treatment program, you are prohibited from any unsupervised contact with a child under the age of 18 years, unless authorized to do so by the court. Supervised means that another adult is present who is responsible for the child's welfare and is aware of the crime you are under supervision for, and the person is approved by the court. [Where the victim was under 18 years of age.]
* * *
29. Court will allow contact with (L/M victim) with (Family members/Guardian) consent and with adult supervision, this allowance applied to the child when born; also to comply with family court orders and pay minimum of $200.00 per month to guardian.
One of the witnesses who testified was Donna Williams, who became the legal guardian of the victim in 2006. The victim and her sister had lived with Williams from time to time because of adverse conditions at their own home. Williams testified that she first met the victim in early 2006, after the victim had had the baby, and she referred to the appellant as the victim's boyfriend. She knew appellant was on probation and could be with the victim and their child only under the supervision of others.
One of the grounds on which the trial court found a violation of probation was that appellant had contact with the victim prior to his probation officer speaking to the victim's guardian and obtaining consent. This, however, was not a condition of probation. Rather, as is evident from paragraph 29, the contact had to be with consent of family members/guardian and with adult supervision. There was no requirement in the court order that the probation officer had to approve each contact. It is well settled that probation officers cannot unilaterally impose conditions of probation which have not been established *749 by the court. Talley v. State, 708 So.2d 333 (Fla. 4th DCA 1998); Ackerman v. State, 835 So.2d 354 (Fla. 5th DCA 2003). The probation officer apparently assumed that he had to approve contact, as he so testified, and the trial court apparently believed him, but his approval was not a condition.
The court found as a separate violation that appellant had unauthorized contact with the victimat church, at the child support enforcement office, and by telephone. It is undisputed, however, that as to both the contact at church and the child support office, Donna Williams was present. As to the telephone contact, it was over a cell phone which appellant had given to Williams to give to the victim, at the victim's request, along with diapers and baby food. Williams gave the cell phone to the victim, was aware of the phone calls between them, and soon took the phone back because the victim was calling appellant too often. The guardian's husband, Ron, confirmed that the victim had asked for the cell phone and he was also aware that the victim was calling appellant. Because the guardian was aware, and even facilitated the cell phone contact, this was not a violation. There was no evidence to support the finding that any of the contact violated the condition.
The only other ground for violating probation was that the appellant had denied to his probation officer that he had been having contact with the victim. Although this finding is based on the testimony of the probation officer, it is significant that the probation officer was laboring under the misapprehension that he had to approve all contact. He had communicated that incorrect information to the appellant.
Considering that appellant does in fact have a relationship with the victim and his child, whom he is attempting to support, together with the erroneous imposition of the condition by the probation officer, we conclude that appellant's denial of contact to the probation officer was not, standing alone, a substantial violation of probation. Steiner v. State, 604 So.2d 1265 (Fla. 4th DCA 1992) (state has burden to establish by greater weight of evidence that a violation of probation is willful and substantial). We do not minimize the importance of probationers being honest with their probation officer, but here the officer had incorrectly advised appellant that he had to approve all contact, and none of the contact violated any of the valid conditions of probation. Finally, conditions 14 and 29 were in irreconcilable conflict. Reversed.
STONE and FARMER, JJ., concur.