DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**EMMANUEL OKWOR,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

Nos. 4D2023-0495, 4D2023-1568, 4D2023-2800 and 4D2023-2801

[December 11, 2024]

Consolidated appeals from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Andrea R. Wolfson, Judge; L.T. Case Nos. 18-005865CF10A and 19-014651CF10A.

Carey Haughwout, Public Defender and Robert Porter, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, and Lindsay A. Warner, Senior Assistant Attorney General, West Palm Beach, for appellee.

WARNER, J.

Appellant challenges his revocation of probation based upon his failure to remain confined to his approved residence after curfew and his failure to obey instructions from his probation officer. Although these are standard conditions of probation, the trial court did not orally pronounce these conditions at sentencing, nor were these conditions included in the written sentencing order. Therefore, the court could not revoke appellant's probation based upon their violation. We reverse.

The State charged appellant in two separate cases with various counts of making threats or extortion, written threats to kill or do bodily harm and threats against a public official. Appellant pled to the charges.

At the plea hearing, the trial court accepted the plea, sentenced appellant to time served, followed by eighteen months on community control with a GPS monitor, followed by eighteen months on probation; all counts were to run concurrently for both cases. The court orally announced each special condition of probation and community control,

which conditions were attached to the plea agreement, but the court did not orally announce standard conditions.

The trial court's written sentence also did not include the standard conditions of probation. While Florida Rule of Criminal Procedure 3.986(e) contains a standard order of probation which references the standard conditions of probation, no such order was entered in this case. Several days later, the court issued an amended order to allow for the immediate release of appellant from custody. That order stated that the sentence for both cases included "other announced and order[ed] special conditions."

After appellant's release from custody, he met with his probation officer who read to appellant a list of probation conditions which included the standard conditions. Shortly thereafter, the probation officer signed an affidavit alleging that appellant had violated his community control in both cases by failing to remain confined to his approved residence after curfew and by failing to abide by the instructions of his probation officer. In addition, the probation officer alleged that appellant had failed to report to his community control officer as instructed.

After an evidentiary hearing on the violations, the trial court found that appellant had violated his terms of community control by the failing to remain confined to his residence and failing to report to his community control officer as instructed. The court revoked appellant's community control and sentenced him to 63.6 months in prison followed by community control and probation. He appeals his revocation and sentence.

Appellant contends that the trial court erred in revoking his community control based upon violations of standard conditions which the trial court acknowledged in the revocation order had neither been orally pronounced nor included in a written sentencing order. Therefore, we agree with appellant that the court erred in revoking his probation.

In *Perez v. State*, 805 So. 2d 76 (Fla. 4th DCA 2002), we dealt with this same issue and explained that a revocation of probation cannot be based on a condition which is neither orally pronounced or contained in the written order of probation:

> The purpose of announcing conditions of probation is to satisfy due process concerns. In *Hart*, the court held that the order of probation form contained within the rules was sufficient notice to probationers of the general conditions of probation, so that oral pronouncement was unnecessary. 668

2

So. 2d at 592. The court stated: "a condition of probation which is statutorily authorized or mandated may be imposed and included in a written order of probation even if not orally pronounced at sentencing." [*State v. Hart*, 668 So. 2d 589, 592 (Fla. 1996)] (citation omitted); *see also A.B.C. v. State*, 682 So. 2d 553, 555 (Fla. 1996) ("statutorily authorized conditions of community control for juveniles . . . need not be orally pronounced at the adjudicatory hearing *prior to entry of a written order*") (emphasis added). **However, the supreme court has never held that a statutory condition of probation may be imposed without *either* being orally pronounced or included in a written order.** To do so would violate due process requirements. *See* [*Maddox v. State*, 760 So. 2d 89, 105 (Fla. 2000)].

Because the condition which appellant violated was not included in the order of probation, it cannot be the basis for the revocation of his probation and his subsequent sentence. In addition, the court could not revoke appellant's probation for violating a condition unilaterally imposed by his probation supervisor under the general condition requiring compliance with a probation supervisor's instructions. *See Chatman v. State*, 365 So. 2d 789, 790 (Fla. 4th DCA 1978).

*Id.* at 78–79 (bolded emphasis supplied).

The Supreme Court has recently reaffirmed that a general condition of probation must either be orally pronounced or included in a written order of probation. *See Levandoski v. State*, 245 So. 3d 643, 647 (Fla. 2018) (quoting *Maddox*, 760 So. 2d at 105) ("[G]eneral conditions of probation do not have to be orally pronounced at the sentencing hearing and due process is satisfied as long as the conditions are included in the written sentencing order.").

The trial court in this case imposed only special conditions of probation. The court did not reference any general conditions of probation orally or in writing. The State points to the trial court's statement *at the plea hearing* that appellant would be subject to substantial prison time if he violated the "terms and conditions of your community control or probation." This was not announced as part of sentencing, nor was it sufficient to alert the defendant that he was subject to terms other than those which were part of his plea agreement and specifically announced at the sentencing hearing. Moreover, the State's suggestion that the

probation officer could unilaterally impose the conditions of probation by reading them to appellant after sentencing is directly contrary to *Perez*.

Appellant also has challenged the denial of his motion to withdraw his plea as being involuntary. We affirm because the allegations made to support his motion are conclusively refuted in the record.

Based upon the clear holdings from the supreme court and this court, appellant's community control could not be revoked for violation of provisions of community control or probation which were not orally pronounced or included in the written order of probation. We thus reverse with directions to vacate the order of revocation and sentence.

*Reversed.*

GROSS and MAY, JJ., concur.

*     *     *

***Not final until disposition of timely filed motion for rehearing.***