601 So.2d 628 (1992)
Michael BURRELL, Appellant,
v.
STATE of Florida, Appellee.
No. 91-01476.
District Court of Appeal of Florida, Second District.
June 26, 1992.
James Marion Moorman, Public Defender, and Richard J. Sanders, Sp. Asst. Public Defender, Bartow, for appellant.
*629 Robert A. Butterworth, Atty. Gen., Tallahassee, and Susan D. Dunlevy, Asst. Atty. Gen., Tampa, for appellee.
ALTENBERND, Judge.
Michael Burrell appeals his convictions for burglary, grand theft, and dealing in stolen property. Of the five issues he presents, only two have merit. We affirm his burglary conviction. For the reasons stated below, we reverse his convictions for dealing in stolen property and grand theft and remand for further proceedings.
The state's evidence established that Mr. Burrell took property valued in excess of $20,000 from a storage unit in Pinellas County. The property belonged to two women who had stored it in the unit the day before the theft and had secured the unit with two locks. When the women returned to the unit the next afternoon, their two locks had been replaced by a single lock. When they managed to open their unit, their property was in disarray and much of it was missing.
Subsequent investigation established that Mr. Burrell had hired two men to help him transfer the property from the unit into a truck. They then drove to South Carolina, where Mr. Burrell planned to sell the property at a flea market. The South Carolina authorities arrested the trio before all of the property had been sold. Mr. Burrell's defense was that he was an innocent purchaser of the property from an individual who could have stolen it.
A jury convicted Mr. Burrell of second-degree grand theft. § 812.014(2)(b), Fla. Stat. (1989). It also determined that he was an organizer of the theft and convicted him of dealing in stolen property, as proscribed in section 812.019(2), Florida Statutes (1989). That statute provides:
Any person who initiates, organizes, plans, finances, directs, manages, or supervises the theft of property and traffics in such stolen property shall be guilty of a felony of the first degree....
Section 812.019(2), however, has been held to apply only to a defendant "who, although he may be responsible for a theft or a fencing operation, has no direct contact with the property." Goddard v. State, 458 So.2d 230, 233 (Fla. 1984) (citation and emphasis omitted). It is clear that the state's evidence proved direct contact with the property.
When a person has direct contact with the property, the applicable offense for dealing in stolen property is section 812.019(1), Florida Statutes (1989). That statute provides:
Any person who traffics in, or endeavors to traffic in property that he knows or should know was stolen shall be guilty of a felony of the second degree....
§ 812.019(1), Fla. Stat. (1989). This offense is a second-degree felony, whereas the offense described in section 812.019(2) is a first-degree felony.
Although Mr. Burrell did not argue the distinction between subsections 1 and 2 of section 812.019 in his motion for judgment of acquittal, "it would be fundamental error not to correct on appeal a situation where [a defendant] stands convicted of a crime that never occurred." Nelson v. State, 543 So.2d 1308, 1309 (Fla. 2d DCA 1989). See also Johnson v. State, 569 So.2d 872 (Fla. 2d DCA 1990), review denied, 581 So.2d 167 (Fla. 1991) (fundamental error to convict defendant of a crime when its essential elements are not established by prima facie evidence). This is not a case in which the state's failure to prove the offense involves a technical matter that could have been resolved if the issue had been raised in a motion for acquittal. It is clear that the state could not have proven an essential element for a violation of section 812.019(2) in this case because all of the evidence established that Mr. Burrell had "direct contact with the property" in which he trafficked.
As explained in Goddard, section 812.019(1) is a necessarily lesser included offense of section 812.019(2). Thus, we would normally reverse and remand to the trial court with instructions to enter judgment for the lesser offense. See § 924.34, Fla. Stat. (1991). This, however, brings us to Mr. Burrell's second issue.
*630 Mr. Burrell correctly contends that section 812.025, Florida Statutes (1989), precludes convictions for both grand theft and dealing in stolen property "in connection with one scheme or course of conduct." Rife v. State, 446 So.2d 1157 (Fla. 2d DCA 1984); State v. Bostic, 446 So.2d 264 (Fla. 2d DCA 1984); Stallworth v. State, 538 So.2d 1296 (Fla. 1st DCA), review denied, 545 So.2d 1369 (Fla. 1989). Because second-degree grand theft and dealing in stolen property under section 812.019(1) are both second-degree felonies, the trial court is authorized to impose a judgment of conviction on either offense on remand, but not both. Accordingly, we reverse the judgments and sentences for grand theft and dealing in stolen property. We remand to the trial court with directions to enter a judgment of conviction on one of the offenses, after hearing from the defendant and the state, and to resentence the defendant.
Affirmed in part, reversed in part, and remanded with directions and for further proceedings.
LEHAN, A.C.J., and BLUE, J., concur.