647 So.2d 262 (1994)
Marquis D. WALKER, Appellant,
v.
STATE of Florida, Appellee.
No. 93-3646.
District Court of Appeal of Florida, First District.
November 29, 1994.
Angela L. Jacobs, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., William J. Bakstran, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
In this direct criminal appeal, appellant raises three issues: (1) whether the trial court erred when it denied his motion to withdraw his plea; (2) whether the sentence imposed is an illegal departure sentence; and (3) whether the trial court erred when it ordered the payment of restitution without determining whether he had the ability to pay.
We affirm the denial of appellant's motion to withdraw his plea. The motion was not presented until after sentence had been imposed, and appellant failed to establish that allowing him to withdraw his plea would correct a "manifest injustice." Williams v. State, 316 So.2d 267 (Fla. 1975).
We reverse appellant's sentence to one year in county jail, followed by one year on community control and ten years on probation, and remand for resentencing. Subsequent to the imposition of appellant's sentence, the supreme court has held that imposition of any combination of county jail time, community control and incarceration when the sentencing guidelines call for a nonstate prison sanction results in a departure sentence, and requires that written reasons be given. State v. Davis, 630 So.2d 1059 (Fla. 1994). It is apparent that the trial court was unaware that the sentence imposed constituted a departure and, therefore, did not provide any written reasons.
Finally, we conclude that we lack jurisdiction to address appellant's challenge to the trial court's order that he pay restitution. That order was made from the bench. However, it does not appear that it was ever reduced to writing and, thus, "rendered." Fla.R.App.P. 9.020(g). See Owens v. State, 579 So.2d 311 (Fla. 1st DCA 1991); Hart v. State, 516 So.2d 58 (Fla. 2d DCA 1987).
AFFIRMED IN PART; REVERSED IN PART; and REMANDED, with directions.
WOLF, WEBSTER and MICKLE, JJ., concur.