PER CURIAM.
The appellant, Charles Dixson, challenges his judgments and sentences for burglary of a dwelling, grand theft, and dealing in stolen property. We reverse and remand for resen-tencing.
The State charged appellant with burglary of a dwelling, grand theft, and two counts of dealing in stolen property. After a nonjury trial appellant was found guilty as charged. The trial court adjudicated appellant guilty on all counts and sentenced him to twenty-four months in prison for each count. The sentences were ordered to be served concurrently with each other and concurrently with sentences in four other cases. Appellant filed a'timely notice of appeal.
The appellant raises two points on appeal. His first contention is that the evidence was insufficient to support his convictions. We *1206 do not agree. There was sufficient evidence to support the convictions and we affirm the trial court in that regard.
We, however, agree with appellant’s second contention that it was error to find him guilty of both grand theft and dealing in stolen property. Section 812.025, Florida Statutes (1995), prohibits a defendant from being found guilty of both grand theft and dealing in stolen property where the two offenses arise from one scheme or course of conduct. See Burrell v. State, 601 So.2d 628 (Fla. 2d DCA 1992). The record indicates that the grand theft and the dealing in stolen property arose from one scheme or course of conduct. It was thus error for the trial court to fail to apply the statutory prohibition in this case. See Burrell, 601 So.2d at 630.
Accordingly, we reverse the sentences for grand theft and dealing in stolen property and remand for resentencing. On remand the trial court is directed to enter a dismissal of either the grand theft or the dealing in stolen property convictions, and to resen-tenee the appellant.
Affirmed in part, reversed in part, and remanded with directions.
PARKER, C.J., and ALTENBERND and GREEN, JJ., concur.