PER CURIAM.
The appellant, Charles Dixson, in this consolidated appeal challenges his judgments and sentences for burglary, grand theft, and dealing in stolen property. We reverse and ■ remand for resentencing.
In circuit court case number 96-245 (appeal number 97-00640) the State charged Dixson with burglary of a dwelling, grand theft, and dealing in stolen property. In circuit court case number 96-650 (appeal number 97-00642) the State charged Dixson with burglary of a dwelling, grand theft, and dealing in stolen property. Both cases were tried on the same day in a nonjury trial before the same trial judge. Circuit court case number 96-245 was tried first and the court found Dixson guilty of all three counts. The court then proceeded with circuit court case number 96-650. The court found Dix-son guilty of only the dealing in stolen property count in that ease. The court sentenced Dixson. He filed a notice of appeal in each case and the cases were consolidated on appeal.
In circuit court case number 96-650, where Dixson was found guilty of only dealing in stolen property, Dixson contends that the evidence was insufficient to sustain the conviction. We disagree and affirm the judgment and sentence in that case.
In circuit court ease number 96-245 where Dixson was found guilty of burglary, grand theft, and dealing in stolen property, Dixson contends it was error to find him guilty of both grand theft and dealing in stolen property. Section 812.025, Florida Statutes (1995), prohibits a defendant from being found guilty of both grand theft and dealing in stolen property where the two offenses arise from one scheme or course of conduct. See Burrell v. State, 601 So.2d 628 (Fla. 2d DCA 1992). The record indicates that the grand theft and the dealing in stolen property convictions arose from one scheme or course of conduct. It was thus error for the trial court to fail to apply the statutory prohibition in circuit court case number 96-245. See Burrell, 601 So.2d at 630.
Accordingly, we reverse the sentences for grand theft and dealing in stolen property in circuit court ease number 96-245 and remand for resentencing. On remand the trial court is directed to enter a dismissal of either the grand theft conviction or the dealing in stolen property conviction, and to resentence Dixson.
Affirmed in part, reversed in part, and remanded with directions. •
PARKER, C.J., and ALTENBERND and GREEN, JJ., concur.