KLEIN, J.,
specially concurring.
I agree with the majority opinion but am writing to address the sufficiency of the defendant’s motion for judgment of acquittal to preserve the issue for review. This motion did not comply with the rule requiring that a specific legal argument be made in the trial court, in order to preserve the issue for review. Tillman v. State, 471 So.2d 32 (Fla.1985). Nor did it comply with Florida Rule of Criminal Procedure 3.380(b), which requires a motion for JO A to “fully set forth the grounds.... ”
In this case, however, it was obvious what the specific basis of the motion was, because the state had not proved that anything had been taken, which is the essence of the crime of grand theft. In addition, a “conviction imposed upon a crime totally unsupported by evidence constitutes fundamental error.” Troedel v. State, 462 So.2d 392, 399 (Fla.1984).
Under different circumstances, however, I would not be so quick to agree that a bare-bones motion for judgment of acquittal was either sufficient to preserve the error or that the error could be raised for the first time on appeal as fundamental error. As the third district explained in Johnson v. State, 478 So.2d 885, 886 (Fla. 3d DCA 1985), a case in which the state forgot to establish the age of the victim:
[Cjounsel failed to comply with Fla. R.Crim.P. 3.380(b) which requires that the motion for judgment of acquittal “must fully set forth the grounds upon which it is based.” Had counsel complied with the rule and specifically brought the ground now urged to the trial court’s attention, the error, if any, might have been cured by allowing the state to re-open its case and supply the missing, technical element of age. Under these circumstances, then, the defendant may not now raise the point urged herein for the first time on appeal.
*997 See also Burrell v. State, 601 So.2d 628 (Fla. 2d DCA 1992)(concluding that conviction of a crime, where essential elements were not established, was fundamental error, but pointing out that the failure in proof could not have been corrected if the issue had been raised in the trial court.) As to the trial court’s discretion to reopen the case, see K.K. v. State, 717 So.2d 193 (Fla. 5th DCA 1998) and cases cited.
With that clarification, I agree with the majority opinion.[1]

. A defendant whose trial counsel failed to either move for a judgment of acquittal or failed to identify a specific ground in a motion for judgment of acquittal could allege, after his conviction was affirmed because the error was not preserved, ineffective assistance of counsel. If the state’s failure of proof, however, could have been corrected if it had been called to the state's attention, the ineffective assistance would not have affected the outcome of defendant's case, and post-conviction relief would not be available. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).