NORTHCUTT, Judge.
Jason Warram contends the evidence was insufficient to support his convictions for burglary of a conveyance and burglary of a dwelling. We affirm the conviction for burglary of a conveyance without discussion. We reverse the burglary of a dwelling conviction and remand to the circuit court with instructions to enter a conviction for trespass and resentence Warram.
Warram’s troubles began when he and two of his friends broke into a car parked near a residence. The owner of the automobile awoke when he heard a noise, went outside and surprised the trio. Everyone ran away. The victim called the Charlotte County Sheriffs Office and a deputy assigned to the K 9 unit arrived with his dog. The dog tracked Warram’s scent and the officer found him lying on the ground next to the lanai of a vacant home. Warram admitted that he had gone onto the lanai before the deputy apprehended him.
The State charged Warram with burglary of a dwelling, alleging that he entered the vacant home with the intent to commit a crime, i.e., resisting an officer without violence. See §§ 810.02(3), 843.02, Fla. Stat. (1997). The State’s theory was that he intended to resist the officer by fleeing to avoid apprehension. We point out that Warram did not attempt to flee when the deputy and his dog discovered him at the residence. At issue here is Warram’s flight from the scene of the vehicle burglary to the vacant home.
To prove that Warram intended to commit the crime of fleeing to avoid apprehension, the State was required to show that he fled with knowledge that the deputy wanted to detain him. See F.E.C. v. State, 559 So.2d 413 (Fla. 2d DCA 1990) (stating the elements of the crime of fleeing to elude apprehension). But the evidence showed that Warram did not flee from the police at all; rather, he ran away from the owner of the car. He could not have known that the deputy wished to *325 detain him because the deputy was not even at the scene when he began his flight.
Because the State failed to show that Warram knew law enforcement sought to detain him, there simply was no proof that he intended to commit the crime of fleeing to avoid apprehension when he entered the residence. The evidence was insufficient to establish one of the essential elements of burglary, intent to commit a crime in the dwelling. See Stanley v. State, 626 So.2d 1004 (Fla. 2d DCA 1993); cf. Britton v. State, 604 So.2d 1288 (Fla. 2d DCA 1992) (holding that evidence was sufficient to send burglary charge to jury where officers claimed they were wearing jackets emblazoned with the word “police” and began to question the defendant, at which point the defendant fled, entered a home without permission and hid in a closet). We reverse Warram’s conviction for burglary of a dwelling, but we hold that the evidence did prove the crime of trespass in a structure. § 810.08(2)(a), Fla. Stat. (1997). We remand with directions to adjudicate Warram guilty of trespass and to sentence him in accordance with that conviction. Feacher v. State, 504 So.2d 17 (Fla. 5th DCA 1987).
Warram raises two other points on appeal, both concerning his sentence under the Prison Releasee Reoffender Act. Because we have reversed his conviction for burglary of a dwelling, he no longer qualifies for sentencing under that Act. As such, we will not address those issues.
Affirmed in part, reversed in part and remanded.
FULMER, A.C.J., and SILBERMAN, J., Concur.