847 So.2d 1060 (2003)
Jose Fabian SANTIAGO, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-1677.
District Court of Appeal of Florida, Second District.
June 11, 2003.
*1061 James Marion Moorman, Public Defender, and Terrence E. Kehoe, Special Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Katherine Coombs Cline, Assistant Attorney General, Tampa, for Appellee.
FULMER, Judge.
Jose Santiago appeals his convictions for first-degree murder, two counts of attempted first-degree murder, obstructing or opposing an officer with violence, and aggravated fleeing or eluding. Because the aggravated fleeing statute applies only to drivers involved in crashes, we reverse this conviction and remand with instructions to enter judgment for the lesser offense of fleeing. In all other respects, we affirm.
Santiago argues that fundamental error requires a reversal of his conviction for aggravated fleeing or eluding, a violation of section 316.1935(4), Florida Statutes (1999), because the State failed to prove, and could not prove, that he was leaving the scene of an accident. Santiago's argument is well taken. In count seven, the superseding indictment cited section 316.1935(4) and charged that Santiago
was in the course of unlawfully leaving or attempting to leave the scene of an accident in violation of Florida Statute 316.027 or 316.061, and had knowledge of an order to stop by a duly authorized law enforcement officer [and] did willfully refuse or fail to stop in compliance with such order, and as a result of such fleeing or eluding did cause injury to another person or damage to property of another....
Section 316.1935(4), defining the second-degree felony of aggravated fleeing or eluding, specifically refers to leaving the scene of a crash.
(4) Any person who, in the course of unlawfully leaving or attempting to leave the scene of a crash in violation of s. 316.027 or s. 316.061, having knowledge *1062 of an order to stop by a duly authorized law enforcement officer:
(a) Willfully refuses or fails to stop in compliance with such an order, or having stopped in knowing compliance with such order, willfully flees in an attempt to elude such officer; and
(b) As a result of such fleeing or eluding, causes injury to another person or causes damage to any property belonging to another person
commits aggravated fleeing or eluding.... The felony of aggravated fleeing or eluding constitutes a separate offense for which a person may be charged, in addition to the offense of unlawfully leaving the scene of a crash which the person had been in the course of committing or attempting to commit when the order to stop was given.
Section 316.027 is titled "Crash involving death or personal injuries" and section 316.061 is titled "Crashes involving damage to vehicle or property." Both apply by their plain language only to the driver of a vehicle involved in a crash.
In this case, it is undisputed that Santiago was leaving the scene of a shooting, not a crash. Although this ground was not raised in the motion for judgment of acquittal, "it would be fundamental error not to correct on appeal a situation where [a defendant] stands convicted of a crime that never occurred." Burrell v. State, 601 So.2d 628, 629 (Fla. 2d DCA 1992) (alteration in original) (quoting Nelson v. State, 543 So.2d 1308, 1309 (Fla. 2d DCA 1989)). As in Burrell, "[t]his is not a case in which the state's failure to prove the offense involves a technical matter that could have been resolved if the issue had been raised in a motion for acquittal. It is clear that the state could not have proven an essential element...." 601 So.2d at 629. Therefore, we reverse the conviction for aggravated fleeing. Because the evidence was sufficient to prove the lesser included offense of simple fleeing, a misdemeanor in violation of section 316.1935(1), we remand with instructions to enter judgment and sentence for the lesser offense. See § 924.34, Fla. Stat. (1999) (directing appellate courts to have judgment for lesser offense entered when evidence did not prove conviction but did prove lesser offense); see also Burrell, 601 So.2d at 629; Warrant v. State, 788 So.2d 323, 324 (Fla. 2d DCA 2001) (reversing conviction for burglary because evidence was insufficient and remanding for adjudication on lesser charge of trespass).
Santiago also argues that fundamental error occurred because the record does not show that the venire was sworn prior to voir dire. This court has held "that fundamental error is not established by a record that fails to demonstrate, one way or the other, whether the venire received the oath required by [Florida Rule of Criminal Procedure] 3.300(a)." Pena v. State, 829 So.2d 289, 294 (Fla. 2d DCA 2002) (recognizing that the venire may be separately sworn). Because the record here fails to demonstrate, one way or the other, whether the venire was sworn, we affirm on this issue. Santiago's argument regarding jury instructions is moot based on our reversal of his conviction for aggravated fleeing.
Affirmed in part; reversed in part; remanded with directions.
ALTENBERND, C.J., and COVINGTON, J., concur.