908 So.2d 1162 (2005)
Jefferey HOBSON, Appellant,
v.
STATE of Florida, Appellee.
No. 1D04-2781.
District Court of Appeal of Florida, First District.
August 19, 2005.
*1163 Nancy A. Daniels, Public Defender; Pamela Presnell Garvin, Assistant Public Defender, Tallahassee, for Appellant.
Charlie Crist, Attorney General; Thomas as H. Duffy, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
The appellant appeals his criminal judgment and sentence for one count of armed robbery and one count of aggravated fleeing or eluding. He contends he was wrongfully convicted of aggravated fleeing or eluding because the state could not prove an essential element of the offense; the trial court erred in sentencing him as a habitual felony offender (HFO) because the HFO statute is unconstitutional; and the trial court ordered him to pay an improper amount of attorney's fees. We reverse the appellant's conviction and sentence for aggravated fleeing or eluding because the evidence does not support that the crime of aggravated fleeing and eluding was committed, and remand for the trial court to enter judgment and sentence for the lesser included offense of misdemeanor fleeing or eluding. We otherwise affirm the appellant's judgment and sentence without discussion.[1]
On April 15, 2003, the appellant participated in the robbery of a convenience store by serving as the "get-away driver." After leaving the scene of the robbery, the appellant began to drive erratically and at a high rate of speed as a law enforcement officer pursued him with lights and sirens activated. During the course of the pursuit, the appellant struck a car. After striking the car, he continued to flee the officer. The appellant was apprehended when the van he was driving stalled in a field.
Thereafter, the appellant was charged with one count of aggravated fleeing or eluding in violation of section 316.1935(4), Florida Statutes (2002). Section 316.1935(4), provides, in relevant part:
Any person who, in the course of unlawfully leaving or attempting to leave the scene of a crash in violation of s. 316.027 or s. 316.061,[2] having knowledge of an order to stop by a duly authorized law enforcement officer:
(a) Willfully refuses or fails to stop in compliance with such an order, or having stopped in knowing compliance with such order, willfully flees in an attempt to elude such officer; and
(b) As a result of such fleeing or eluding, causes injury to another person or causes damage to any property belonging to another person commits aggravated *1164 fleeing or eluding, a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
The offense of aggravated fleeing or eluding is committed when: (1) the defendant leaves the scene of a crash involving injury, death, or property damage; (2) in the course of unlawfully leaving the crash scene, the defendant willfully flees or attempts to elude an officer after being ordered to stop; and (3) as a result of the fleeing or eluding the defendant causes further bodily injury or property damage. In this case, however, it is undisputed that law enforcement began its pursuit of the van driven by the appellant because the appellant and his co-defendant robbed a convenience store, not because the appellant left the scene of an accident involving injury, death, or property damage. Therefore, the first element of the offense is absent. See Santiago v. State, 847 So.2d 1060, 1062 (Fla. 2d DCA 2003). Also absent is the third element of further property damage or injury after striking the car and continuing flight. Therefore, the appellant was wrongly convicted of the offense of aggravated fleeing or eluding.
The state contends that the appellant's "bare bones" motion for judgment of acquittal did not preserve any errors, but a conviction for an offense that did not take place constitutes fundamental reversible error. See Santiago, 847 So.2d at 1062; Harris v. State, 647 So.2d 206, 208 (Fla. 1st DCA 1994).
Nonetheless, the appellant did commit the lesser included offense of misdemeanor fleeing or eluding in violation of section 316.1935(1), Florida Statutes (2002). The trial court is instructed to enter judgment and sentence for this lesser included offense. See Santiago, 847 So.2d at 1062.
Accordingly, we reverse the appellant's judgment and sentence for aggravated fleeing or eluding, and remand for the trial court to enter judgment and sentence for the lesser included offense of misdemeanor fleeing or eluding in violation of section 316.1935(1). We otherwise affirm the appellant's judgment and sentence.
AFFIRMED in part, REVERSED in part, and REMANDED with instructions.
WEBSTER and DAVIS, JJ., concur; THOMAS, J., concurs in result only.
NOTES
[1] We note that we are without jurisdiction to address the propriety of the trial court's ruling on attorney's fees because the ruling was not reduced to writing. See Walker v. State, 647 So.2d 262, 262 (Fla. 1st DCA 1994); Gatlin v. State, 618 So.2d 765, 766 (Fla. 2d DCA 1993); Owens v. State, 579 So.2d 311, 312 (Fla. 1st DCA 1991).
[2] Section 316.027 requires a driver involved in a crash resulting in injury or death to immediately stop at the scene of the crash and section 316.061 requires a driver involved in a crash resulting in property damage to immediately stop at the scene of the crash.