986 So.2d 656 (2008)
Ronald CUNNIFF, Petitioner,
v.
STATE of Florida, Respondent.
No. 2D07-3418.
District Court of Appeal of Florida, Second District.
July 9, 2008.
Rehearing Denied July 31, 2008.
Ronald Cunniff, pro se.
Bill McCollum, Attorney General, Tallahassee, and Elba Caridad Martin, Assistant Attorney General, Tampa, for Respondent.
DAVIS, Judge.
Ronald Cunniff, in his petition filed pursuant to Florida Rule of Appellate Procedure 9.141(c), raises numerous claims alleging ineffective assistance of appellate counsel. We grant the petition as it relates to one of his claims and deny, without comment, the remaining claims. In ground one of the petition, Cunniff contends that appellate counsel was ineffective in failing to argue that his conviction for aggravated fleeing and eluding constituted fundamental error because the State failed *657 to prove an essential element of the offense. We agree, and we reverse Cunniff's conviction for aggravated fleeing and eluding, vacate the sentence imposed on this conviction, and remand to the trial court with instructions to enter judgment for the lesser-included misdemeanor offense of fleeing or attempting to elude a law enforcement officer.
Following a jury trial, Cunniff was convicted of several offenses including aggravated fleeing and eluding. The judgment and sentences were affirmed on direct appeal. Cunniff v. State, 928 So.2d 344 (Fla. 2d DCA 2006) (table decision). The evidence at trial established that while Officer Green was conducting an unrelated traffic stop, he was approached on foot by James Varnum, who pointed at a Ford pickup truck that was being driven away slowly and advised that it was his truck, which had just been stolen. Officer Green testified that after a pursuit during which he activated the lights in his marked police cruiser, Cunniff stopped the truck. The officer approached Cunniff with his gun drawn. Cunniff put the truck in reverse, backed up, and almost hit Officer Green. Cunniff then fled, precipitating a long pursuit involving several marked police cruisers. There was testimony that, during the chase, Cunniff attempted to intentionally ram a police cruiser with the truck. Cunniff drove the truck through four chain-link gates with the police in hot pursuit. These gates were the front and back gates of Lightning Master Corporation and the City of Clearwater public works complex. Cunniff then rammed the truck through the back chain-link fence of the Clearwater Airpark before the truck got stuck on a road that was under construction.
Cunniff was charged with aggravated fleeing and eluding pursuant to section 316.1935(4), Florida Statutes (2003).
Section 316.1935(4) states:
Any person who, in the course of unlawfully leaving or attempting to leave the scene of a crash in violation of s. 316.027 or s. 316.061, having knowledge of an order to stop by a duly authorized law enforcement officer:
(a) Willfully refuses or fails to stop in compliance with such an order, or having stopped in knowing compliance with such order, willfully flees in an attempt to elude such officer; and
(b) As a result of such fleeing or eluding, causes injury to another person or causes damage to any property belonging to another person
commits aggravated fleeing or eluding, a felony of the second degree. . . .
In Santiago v. State, 847 So.2d 1060 (Fla. 2d DCA 2003), this court held that it was fundamental error to convict Santiago of aggravated fleeing and eluding pursuant to section 316.1935(4) because he was not leaving or attempting to leave the scene of a crash as defined in the statute but rather was leaving the scene of a shooting. In the present case, the petitioner was fleeing in a truck he had just stolen. He was not leaving the scene of a crash in violation of section 316.027 or section 316.061.[1] The *658 court in Santiago concluded that even though trial counsel did not move for a judgment of acquittal on the ground that Santiago was not leaving the scene of a crash, it was fundamental error to convict Santiago of a crime that never occurred. Had Cunniff's appellate counsel argued, based on Santiago, that it was fundamental error to convict Cunniff of aggravated fleeing and eluding under section 316.1935(4) because he was not leaving the scene of a crash when he fled, we would have been compelled to reverse his conviction. We therefore conclude that the failure to so argue constituted ineffective assistance of appellate counsel.
We grant the petition alleging ineffective assistance of appellate counsel as to this claim only. Because a new appeal would be redundant in this case, we reverse Cunniff's conviction for aggravated fleeing and eluding and vacate the sentence imposed thereon. See Hernandez v. State, 884 So.2d 281, 282 (Fla. 2d DCA 2004). We remand with instructions to the trial court to enter judgment for the lesser-included offense of fleeing or attempting to elude a law enforcement officer under section 316.1935(1). See Santiago, 847 So.2d at 1061.
Petition denied in part and granted in part.
FULMER and WALLACE, JJ., Concur.
NOTES
[1] Section 316.027 prohibits leaving the scene of a crash involving death or personal injuries. Section 316.061(1) states that "[t]he driver of any vehicle involved in a crash resulting only in damage to a vehicle or other property which is driven or attended by any person shall immediately stop such vehicle at the scene of the crash. . . ." (Emphasis added.) The violation of this statute constitutes a second-degree misdemeanor, and there is a paucity of cases interpreting this statute. This court has been unable to locate any case law involving leaving the scene of a crash resulting in damage to property that is attended to by any person. Here, Cunniff crashed through four chain-link gates while being pursued by the police. Potentially, he could have been in violation of section 316.061 after he crashed through the first gate. However, there was no evidence presented that these gates were attended by a person. In fact, the evidence strongly suggested that the businesses were closed.