ON CONCESSION OF ERROR
PER CURIAM.
After a jury trial, Donzell Nuckles was convicted of twelve counts. On appeal he challenges only one.[1] As to the one count (Count 5), he argues the State failed to introduce any evidence particular to that count. The State concedes the record shows a complete lack of evidence as to Count 5. After review of the record, the State’s concession is well taken.
The State also concedes such complete lack of evidence constitutes fundamental error. The State’s concession on this point is also appropriate. A total lack of evidence constitutes fundamental error because it reaches to the foundation of the case and denies a defendant due process. F.B. v. State, 852 So.2d 226, 230 (Fla.2003). The evidence must be “totally insufficient as a matter of law to establish the commission of a crime” — a “complete failure.” Id.; see Hobson v. State, 908 So.2d 1162, 1164 (Fla. 1st DCA 2005) (explaining that “a conviction for an offense that did not take place constitutes fundamental reversible error”).
Accordingly, the State failed to introduce evidence sufficient to sustain Appellant’s conviction and sentence as to Count 5. We therefore REVERSE Appellant’s conviction as to that count and REMAND with instructions to vacate Appellant’s sentence as to Count 5 only.
ROBERTS, CLARK, and ROWE, JJ., concur.

. Appellant challenges only his conviction and sentence on Count 5. As he raises no arguments as to any other count, his other eleven judgments and sentences are affirmed.