344 So.2d 913 (1977)
Albert BARBER, Appellant,
v.
The STATE of Florida, Appellee.
No. 76-547.
District Court of Appeal of Florida, Third District.
April 5, 1977.
Rehearing Denied May 4, 1977.
Bennett H. Brummer, Public Defender and Beth C. Weitzner, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Sidney M. Pertnoy, Asst. Atty. Gen., for appellee.
Before PEARSON and BARKDULL, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
PEARSON, Judge.
On April 15, 1974, this appellant pled guilty to the possession of a controlled substance and was placed on probation for a period of five years. One of the conditions of his probation was as follows:
"(b) You shall promptly and truthfully answer all inquiries directed to you by the Court and the Probation Supervisor; allow the Probation Supervisor to visit your home, employment site, or elsewhere, and carry out all instructions he gives you."
The conditions of probation did not include a requirement that the defendant file written monthly reports. During the period of probation, the defendant's Probation Supervisor filed an application of violation of probation setting forth as one of the grounds that the defendant had failed to file written reports as he was instructed to *914 do by the probation officer. The trial court revoked defendant's probation upon the sole ground that he had failed to file the monthly reports.
The State points out that it is often necessary for the Probation Supervisor to have written reports from a probationer in order to carry out his duties as supervisor. We think that this right to require reports affirmatively appears from the provisions of Section 948.02, Florida Statutes (1975). Nevertheless, it also appears that it is exclusively within the jurisdiction of the court to set the terms and conditions upon which a probationer's probation may be revoked. See Section 948.03, Florida Statutes (1975); and Kominsky v. State, 330 So.2d 800 (Fla. 1st DCA 1976).
We, therefore, hold that although the Department of Offender Rehabilitation, acting through a probation officer, may require a probationer to file periodic reports, even though such a requirement is not made a condition of his probation, such probation may not be revoked solely upon the ground that the probationer has failed to file the reports, unless the requirement is made a condition of his probation by the court. In other words, only the court may set the conditions upon which probation may be revoked, and probation may be revoked only for the violation of a condition set by the court.
The order revoking appellant's probation is reversed with directions to the court to remand appellant to the Department of Offender Rehabilitation for the continuation of his probation under the conditions as originally set out or for the assumption of additional conditions that the court may find proper. See Section 948.03(2), Florida Statutes (1975).
Reversed and remanded.