368 So.2d 363 (1979)
Willie James WATKINS, Appellant,
v.
STATE of Florida, Appellee.
No. 78-1473.
District Court of Appeal of Florida, Second District.
January 31, 1979.
Rehearing Denied March 7, 1979.
*364 Jack O. Johnson, Public Defender, and Thomas A. McDonald, Asst. Public Defender, Bartow, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellee.
BOARDMAN, Judge.
Appellant contends that the trial court erred in revoking his probation. We do not agree, and we affirm.
A jury found appellant guilty of burglary and resisting arrest without violence, and the sentencing court placed appellant on probation for a period of three years. Thereafter appellant was charged with violating three conditions of his probation. Following a hearing the trial court entered an order of revocation of probation finding that appellant had violated conditions of *365 the order of probation by not paying the monthly supervisory fee, by failing to obtain permission before a change of residence, and by failing to comply with all instructions given him by the probation officer in that he did not report to the probation officer when requested to do so. The trial court sentenced appellant to two concurrent one-year terms in the county jail with credit for all time served.
At the hearing on these charges the probation officer read the alleged violations into the record. Counsel for appellant admitted the violations and sought to have appellant explain the circumstances. Appellant testified that he had not paid the fees because he was unemployed and thus unable to obtain the necessary funds. Appellant admitted changing his residence in May but said his landlord instructed him to leave because of delinquent rent. Although the probation officer instructed appellant to report in person during the first week in June, appellant said he was detained in transporting his ill grandmother and did not appear. Appellant did report to the probation officer in July and gave his new address at that time.
The trial court found that appellant was able to make the supervisory payments, but we find no evidence in the record to support that conclusion. Appellant rightfully contends that probation cannot be revoked solely for violation of a condition requiring payment without evidence that the probationer was able to make the payment. Coxon v. State, 365 So.2d 1067 (Fla. 2d DCA 1979); Jones v. State, 360 So.2d 1158 (Fla. 1st DCA 1978). If there were no other grounds for revocation of probation we would reverse.
Appellant contends that obtaining consent to a change of residence would have been a useless act because he was virtually evicted from his approved residence for nonpayment of rent. Appellant relies on the decision of our sister court that held eviction by legal process to be a defense to violation of a similar condition. Kotowski v. State, 344 So.2d 602 (Fla. 3d DCA 1977). It may very well be that eviction would constitute a defense to failure to obtain consent if consent were denied, but appellant neither requested consent to change his residence nor notified the probation officer of the alleged eviction. Additionally, the probation officer did not know of appellant's whereabouts for over a month and then only when the next monthly report was submitted. Under these circumstances we hold that the trial court's finding that appellant violated this condition was proper and supported by the evidence.
Appellant argues that his failure to report in June was only an isolated incident and as such was not a sufficient ground to revoke his probation. We do not agree. The record shows that appellant failed to report for over a month after his failure to appear in June and consequently was unavailable to the probation officer during that period of time. It is well settled that probation may be revoked upon satisfaction of the conscience of the court. Bernhardt v. State, 288 So.2d 490 (Fla. 1974).
We note that the order by the probation officer to report in June was not a court-imposed condition of probation but was made by the probation officer pursuant to the court-imposed condition which provides:
You will promptly and truthfully answer all inquiries directed to you by the Court or the Probation Officer, and allow the Officer to visit in your home, at your employment site or elsewhere, and you will comply with all instructions he may give you.
This condition of probation is clear and unambiguous, and the probationer's compliance with its provisions is required. We are aware of the holding in Barber v. State, 344 So.2d 913 (Fla. 3d DCA 1977), that violation of orders given by the probation officer will not support revocation of probation. We believe that application of this result to the instant case would be contrary to the intent of probation. See Bernhardt v. State, supra. To deny the probation officer authority over the probationer would not only render *366 such supervision ineffective, but would cause additional and unwarranted judicial labor in utilizing and reviewing probation. The probationer is protected from inconsequential directions by the statutory mandate that probation be revoked only for material violations. § 948.06(1), Fla. Stat. (1977). We see no need to require the probation officer to appear before the court for sanction of valid supervisory directions. We also point out that the condition in question is specifically authorized by Section 948.03(1)(c), Florida Statutes (1977).
Probation is dependent on legislative and judicial grace. Baker v. State, 319 So.2d 628 (Fla. 1st DCA 1975). The burdens of compliance with conditions are slight in comparison to the alternative imprisonment.
The trial court is directed to strike the finding that appellant violated his probation by failing to pay the supervisory fee. Appellant need not be present for this purpose. Otherwise the order of revocation of probation, judgment, and sentence is affirmed.
AFFIRMED as modified and REMANDED for the purpose set out in this opinion.
GRIMES, C.J., and RYDER, J., concur.