417 So.2d 291 (1982)
William J. HOLTERHAUS, Appellant,
v.
STATE of Florida, Appellee.
No. 81-2540.
District Court of Appeal of Florida, Second District.
July 23, 1982.
*292 Jerry Hill, Public Defender, Bartow, and Gregory E. Like, Asst. Public Defender, Tampa, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Michael A. Palecki, Asst. Atty. Gen., Tampa, for appellee.
CAMPBELL, Judge.
William J. Holterhaus appeals the revocation of his probation for violation of conditions (1) and (8); that is, for failure to file monthly reports (the required monthly report was received one day late in April and two days late in June), and failure to comply with all instructions of the probation officer. The latter condition was found to have been violated when Holterhaus was terminated from the DACCO Drug Rehabilitation Program after his probation officer instructed him to enroll in, attend and complete the program.
We reverse. The probation officer's directive that Holterhaus complete the DACCO Program was not a validly imposed court-ordered condition of probation and was not encompassed by the requirement of condition (8) that the probationer comply with all instructions given by the officer.
Barber v. State, 344 So.2d 913 (Fla. 3d DCA 1977), established that probation may only be revoked for violation of a condition which is imposed by the court, rather than by a probation officer. In Watkins v. State, 368 So.2d 363 (Fla. 2d DCA 1979), this court found that application of Barber would be contrary to the intent of probation because the nature of the probation officer's instruction  a routine direction to file monthly reports  was dispositive. In a situation where the officer merely gives normal supervisory directions of this nature, it is not necessary for the court to specifically approve those directions in order for disobedience of them to constitute a violation of probation.
In the instant case, the requirement imposed by the probation officer that Holterhaus attend DACCO is not such a matter of routine supervision as to fall within the ambit of Watkins. The requirement that a probationer complete a drug program is not such a reasonable and necessary condition of supervision that it could be specifically delegated merely by such a broad directive as is condition (8).[1]
In light of Chatman v. State, 365 So.2d 789 (Fla. 4th DCA 1978); Page v. State, 363 So.2d 621 (Fla. 1st DCA 1978); and Barber, we would reverse this probation revocation and remand in order for the trial court to consider whether there were other violations or whether the technical violation of condition (1) was sufficient to support the revocation of probation, standing alone. Tuff v. State, 338 So.2d 1335 (Fla. 2d DCA 1976).
GRIMES, A.C.J., and SCHOONOVER, J., concur.
NOTES
[1] Condition (8) reads as follows: You will promptly and truthfully answer all inquiries directed to you by the Court or the Probation Officer, and allow the Officer to visit in your home, at your employment site or elsewhere, and you will comply with all instructions he may give you.