428 So.2d 739 (1983)
Denver Jesse HUTCHINSON, Appellant,
v.
STATE of Florida, Appellee.
Nos. 82-733, 82-1225.
District Court of Appeal of Florida, Second District.
March 23, 1983.
*740 Jerry Hill, Public Defender, Bartow, and Neil Polster, Asst. Public Defender, Tampa, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellee.
SCHEB, Judge.
Appellant was placed on concurrent five-year terms of probation in these consolidated cases. About two months later appellant was charged with violating condition (3), which required that he not change employment without consent of his probation officer; condition (8), which directed him to comply with all instructions of his probation officer; and condition (9), which prohibited him from visiting any bars.
The trial judge found that appellant violated condition (8) by failing to follow the directions of his probation officer to immediately contact Alcohol Community Treatment Services (ACTS) for counselling and therapy if deemed necessary by that agency. Further, the court found that appellant failed to follow his probation officer's order that he refrain totally from consuming alcoholic beverages. Appellant denied violating conditions (3) and (9). No evidence was presented as to those alleged violations, and the court made no adjudication in respect to those charges.
Appellant was adjudicated guilty and sentenced to consecutive terms of five years for grand theft and fifteen years for burglary. This appeal followed.
Probation may only be revoked for violation of a condition which is imposed by the court, not the probation officer. Holterhaus v. State, 417 So.2d 291 (Fla. 2d DCA 1982); Chatman v. State, 365 So.2d 789 (Fla. 4th DCA 1978); Page v. State, 363 So.2d 621 (Fla. 1st DCA 1978); Barber v. State, 344 So.2d 913 (Fla. 3d DCA 1977).
There are certain directions which a probation officer may impose to implement the conditions of probation established by the court. As Judge Campbell noted in Holterhaus, a probation officer may validly give routine supervisory directions. It is not necessary for the court to specifically approve those directions for disobedience of them to constitute a violation of probation. Holterhaus, 417 So.2d at 292. However, a probation officer cannot prescribe new conditions of probation. That prerogative lies with the court. Here, the probation officer's directive that appellant report to a rehabilitation program for therapy was not encompassed by condition (8) requiring the probationer to comply with all instructions given by his officer. Likewise, the order that appellant totally refrain from use of alcoholic beverages was beyond the probation officer's authority.
Accordingly, we vacate the order of revocation of probation without prejudice to the state's pursuing the alleged violation of conditions (3) and (9) by filing a new affidavit.
BOARDMAN, A.C.J., and RYDER, J., concur.