440 So.2d 661 (1983)
Johnnie HAYNES, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. AR-78.
District Court of Appeal of Florida, First District.
November 18, 1983.
*662 Terry P. Lewis, Sp. Asst. Public Defender, Tallahassee, for appellant.
Lawrence A. Kaden, Asst. Atty. Gen., Tallahassee, for appellee.
THOMPSON, Judge.
Defendant appeals the order revoking his probation and argues that the trial court erred in finding a violation of probation as to several counts listed in the affidavit of violation of probation. We reverse and remand.
Counts 3 and 5 of the affidavit of violation of probation alleged that defendant failed to pay court costs as he had been instructed to do by his probation officer and as required in the order of probation. Although the trial court impliedly found that defendant violated his probation by failing to pay court costs, the trial court made no specific finding that defendant had the ability to pay the court costs. Accordingly, the trial court erred in impliedly finding that defendant committed the violations alleged in Counts 3 and 5 of the affidavit of probation. See Winfield v. State, 406 So.2d 50 (Fla. 1st DCA 1981); Young v. State, 399 So.2d 1082 (Fla. 1st DCA 1981).
Count 4 of the affidavit alleged that contrary to his probation officer's instruction, defendant went to his wife's house on or about December 1, 1982. Under the instant circumstances, this instruction by defendant's probation officer was not a routine supervisory direction but essentially amounted to a new condition of probation which a probation officer is without authority to prescribe. See generally Hutchinson v. State, 428 So.2d 739 (Fla. 2d DCA 1983); Holterhaus v. State, 417 So.2d 291 (Fla. 2d DCA 1982). Accordingly, the trial court erred in impliedly finding that defendant violated his probation as alleged in Count 4 of the affidavit.
Count 2 of the affidavit alleged that contrary to his probation officer's instructions, defendant failed to notify his probation officer that he lost his job. This instruction by the probation officer was a routine supervisory direction. As noted in Hutchinson, the violation of a supervisory direction given by a probation officer may be a proper ground for revocation of probation, although the direction has not been specifically approved by the trial court. The evidence supports the implied finding that defendant violated his probation as alleged in Count 2 of the affidavit. The record also supports the implied finding that defendant violated his probation as alleged in Count 1 of the affidavit by changing his residence without procuring the consent of his probation officer.
Although the evidence supports the implied findings that defendant violated his probation as alleged in Counts 1 and 2 of the affidavit, we are unable to determine whether the trial court would have revoked defendant's probation and imposed the same sentence without the violations alleged in Counts 3, 4, and 5 of the affidavit. Accordingly, we remand this case to the trial court for a redetermination of these matters. See Blake v. State, 433 So.2d 611 (Fla. 1st DCA 1983); Watts v. State, 410 So.2d 600 (Fla. 1st DCA 1982).
ERVIN, C.J., and NIMMONS, J., concur.