518 So.2d 964 (1988)
Eladio MORALES, Appellant,
v.
The STATE of Florida, Appellee.
No. 86-2738.
District Court of Appeal of Florida, Third District.
January 19, 1988.
Bennett H. Brummer, Public Defender, and Beth C. Weitzner, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Charles M. Fahlbusch, Asst. Atty. Gen., for appellee.
Before BARKDULL and DANIEL S. PEARSON and JORGENSON, JJ.
PER CURIAM.
That part of the Order of Revocation of Probation which finds that the appellant, Eladio Morales, failed
"to comply with all the instructions of his Probation Supervisor, in that, on 07-22-86 the Probationer was instructed by his Probation Supervisor to set an appointment at Miami Mental Health Center for Alcohol and Drug Counseling, and as of September 5, 1986, he has failed to do so"
is stricken upon a holding that this condition  that Morales set up an appointment for alcohol and drug counseling  cannot be considered one imposed by the court by virtue of the court's general admonition that Morales comply with all instructions of the probation officer, Hutchinson v. State, 428 So.2d 739 (Fla. 2d DCA 1983); Holterhaus v. State, 417 So.2d 291 (Fla. 2d DCA 1982), and such condition being therefore imposed by the probation officer only, the violation of it cannot serve as a basis for the revocation of probation. Hutchinson v. State, 428 So.2d 739; Holterhaus v. State, 417 So.2d 291; see Barber v. State, 344 So.2d 913 (Fla. 3d DCA 1977). In all other respects the order under review is
Affirmed.