642 So.2d 1141 (1994)
Steven KIESS, Appellant,
v.
STATE of Florida, Appellee.
No. 93-3111.
District Court of Appeal of Florida, Fourth District.
September 21, 1994.
*1142 Richard L. Jorandby, Public Defender, and Paul E. Petillo, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Patricia Ann Ash, Asst. Atty. Gen., West Palm Beach, for appellee.
PARIENTE, Judge.
We affirm the trial court's order revoking defendant's probation because the evidence presented at the hearing supports the finding that defendant violated his probation by committing battery on a law enforcement officer. However, we strike that portion of the revocation order finding that defendant violated his probation by having "contact" with the stepchildren as this condition was not set forth in the order of probation.
The sole special condition of probation imposed by the trial court was that defendant have no "physical contact" with his two stepchildren. Only hearsay evidence was presented concerning violation of this special condition. While hearsay evidence is admissible in probation revocation proceedings, hearsay alone is insufficient to establish a violation of a condition of probation. Arnold v. State, 497 So.2d 1356 (Fla. 4th DCA 1986); Davis v. State, 474 So.2d 1246 (Fla. 4th DCA 1985); Combs v. State, 351 So.2d 1103 (Fla. 4th DCA 1977).
The order of probation did not prohibit "contact" with defendant's stepchildren. We note, however, that the affidavit of violation of probation and order revoking probation states that defendant violated his probation by having contact with his stepchildren in violation of the instructions of his probation officer. Violation of a condition which is imposed by a probation officer, rather than an express condition of the trial court, cannot serve as a basis for revocation of probation. Ashrafi v. State, 534 So.2d 886 (Fla. 4th DCA 1988); Morales v. State, 518 So.2d 964 (Fla. 3d DCA 1988).
Although the trial court could not find a violation of probation based solely on either contact with his stepchildren or the hearsay account of the physical contact incident, the single violation established of battery on a law enforcement officer is substantial enough to warrant revocation. See Coxon v. State, 365 So.2d 1067 (Fla. 2d DCA 1979); Compare Davis. Accordingly, we need not remand this cause for reconsideration by the trial court. We strike paragraph II from the order of revocation and affirm the order of revocation in all other respects.
WARNER and POLEN, JJ., concur.