BARFIELD, C.J.
The appellant, who pled nolo con-tendere to the charge of burglary of an occupied dwelling with the intent to commit a battery therein, seeks reversal of an order revoking his probation, asserting *629 that it was based solely on his failure to comply with instructions of his probation officer that he not have contact with the victim. He correctly contends that probation cannot be revoked for violating a special condition that was not imposed by the court.[1] However, the affidavit of violation of probation also alleged violation of the condition that he “live without violating the law.” At the hearing, he essentially admitted that he had violated this condition,[2] which would independently support revocation of probation. The transcript of the hearing indicates that the trial judge found that he had violated the condition that he comply with the instructions of his probation officer by having contact with the victim, and that he had not violated a third condition regarding failure to meet his monetary obligations, but she did not clearly address the allegation that he had violated the condition that he “live without violating the law.”
Because the written revocation order, which stated that the appellant had violated all three of the conditions alleged in the affidavit, is not consistent with the trial judge’s explicit finding that he did not violate the condition that he meet his monetary obligations, the order is REVERSED and the case is REMANDED to the trial court for entry of an amended order. We point out that the record would support a finding that the appellant violated the condition that he “live without violating the law,” and that the amended order may properly base revocation of his probation upon such a finding.
ERVIN and WOLF, JJ., CONCUR.

. See Eddie v. State, 740 So.2d 583 (Fla. 1st DCA 1999); Talley v. State, 708 So.2d 333 (Fla. 4th DCA 1998); Waldon v. State, 670 So.2d 1155 (Fla. 4th DCA 1996); Kiess v. State, 642 So.2d 1141 (Fla. 4th DCA 1994); Hutchinson v. State, 428 So.2d 739 (Fla. 2d DCA 1983); Haynes v. State, 440 So.2d 661 (Fla. 1st DCA 1983).

. While on probation, appellant had been arrested for misdemeanor battery, based upon his allegedly having struck the victim’s new boyfriend on the head with a stick or bat. He admitted the allegation, but asserted that the other man had instigated the fight.