PLEUS, J.
Pettus appeals his adjudication for violation of probation. The trial court found him guilty of violating two conditions of his probation: using marijuana and failing to follow his probation officer’s instructions. On the first condition, he argues that there was no competent proof that he used marijuana. On the second condition, he argues that the condition was not court-ordered, was based on hearsay and was not willful and substantial. We agree and reverse.
The first issue turns on whether Pettus admitted using marijuana. We find that he did not. In his direct examination, the probation officer testified at least three times that Pettus admitted using marijuana. The probation officer decided to forego giving Pettus a drug test to confirm his marijuana use. Instead, he had Pettus sign an “admission” and referred Pettus to a drug counseling and evaluation program. When Pettus failed to appear for his appointment, the officer filed an affidavit of violation.
However, on cross-examination the probation officer equivocated. Pettus’ attorney first established that the probation officer could not remember what Pettus said to him. Then, the following exchange occurred:
Q Do you recall him telling you he may have been out to a function or place where cannabis was smoked and he was worried that he would test positive because of cannabis smoke? Does that sound familiar?
A Can I state my opinion?
Q It’s not necessary?
A He may have stated that, but in my experience somebody comes in and admits they’re around people — he basically admitted to me, from what, what I recall, he was positive for cannabis. I took that to mean we, paraphrasing, he—
Q You took it to mean he basically had been smoking?
A Yes.
Pettus’ attorney confirmed this, asking, “And you’re not really sure whether or not he said it was based on second-hand smoke?” The probation officer replied, “I cannot recall.” Later in the cross-exam, the probation officer tried to get back to his original testimony by stating, “That was on or about the date he admitted he had smoked marijuana, or used marijuana.” But Pettus’ attorney corrected him, *1072 stating, “Or had been around marijuana, since you can’t recall?” The probation officer conceded, ‘Tes, sir.” The cross-examination established that the probation officer could not remember whether Pettus admitted to using marijuana or simply being around it, but if he was around it, that was as good as using it, to the probation officer. Such equivocal testimony is not sufficient to establish that Pettus used marijuana.[1]
The so-called “admission” form cannot save the state. The form merely states that Pettus understood and accepted that he had received a positive drug test “on or about 1-12-01.” It further states that “I recognize that this acceptance constitutes a full admission of drug use during the period covered by the specimen.” This “admission” is rendered meaningless because there was no drug test, much less a positive drug test.
The only other evidence is Pettus’ testimony that he told his probation officer he was in a car while someone was smoking marijuana and he was afraid that would make him test positive. This evidence does not establish that Pettus used marijuana.[2]
On the second issue, Pettus argues that his violation for failing to attend the drug counseling and evaluation program was improperly based upon hearsay. Pet-tus’ hearsay argument lacks merit because he admitted he did not attend the drug evaluation in Kissimmee. However, Pet-tus correctly argues that probation may only be revoked for violation of a condition which is imposed by the court, rather than by a probation officer. See Holterhaus v. State, 417 So.2d 291 (Fla. 2d DCA 1982). In Holterhaus, the defendant was violated for failing to follow his probation officer’s instructions to enroll in, attend and complete a substance abuse program when he was terminated from the program. The appellate court reversed, explaining that a probation officer is allowed to give “normal supervisory directions” without court approval, but requiring a probationer to complete a drug program was not a “matter of routine supervision” and not “such a reasonable and necessary condition of supervision that it could be specifically delegated merely by such a broad directive as” complying with the probation officer’s instructions. See also, Hutchinson v. State, 428 So.2d 739, 740 (Fla. 2d DCA 1983) (holding that “probation officer’s directive that appellant report to a rehabilitation program for therapy was not encompassed by condition (8) requiring the probationer to comply with all instructions given by his officer”).
In the instant case, Pettus was court-ordered to submit to chemical tests at the request of his probation officer and not use marijuana, but he was not court-ordered to attend the drug program. The probation officer’s instructions to do so were not a matter of routine supervision and thus, were outside his authority. Accordingly, we reverse and remand with directions to reinstate Pettus’ probation.
REVERSED and REMANDED.
GRIFFIN, J., and COBB, W., Senior Judge, concur.

. If there had been competent testimony that Pettus admitted using marijuana, that would have been sufficient to affirm the violation. See Johnson v. State, 378 So.2d 108 (Fla. 5th DCA 1980) (holding that defendant's admission to using heroin was sufficient to sustain violation of probation).

. Pettus was not charged with violating condition 6 of his probation, which prohibits him from visiting places where drugs are used.