*753
 
 DARAN, STEVEN L., Associate Senior Judge.
 

 Alejandro Ramirez seeks review of the final judgment and sentence adjudicating him guilty of felony battery as well as the revocation of his probation. We affirm the conviction and the revocation of probation. However, we remand for the trial court to strike the finding that Ramirez violated his probation by violating condition 10 (failing to comply with all lawful instructions). Ramirez originally opposed the affidavit of violation of probation by filing a motion to dismiss the violation of condition 10. After a hearing, the trial court denied that motion and other motions not relevant for purposes of this appeal. Ramirez subsequently entered admissions to the violations while reserving the right to appeal the motion to dismiss.
 

 Florida law requires that a probation order “adequately place the probationer on notice of conduct that is both required and prohibited during the probationary period.”
 
 Lawson v. State,
 
 969 So.2d 222, 230 (Fla.2007);
 
 see also Stanley v. State,
 
 922 So.2d 411, 415 (Fla. 5th DCA 2006) (holding that in order to violate probationer, a violation “must mirror the language of the condition of probation allegedly violated”). “Probation may only be revoked for violation of a condition which is imposed by the court, not the probation officer.”
 
 Hutchinson v. State,
 
 428 So.2d 739, 740 (Fla. 2d DCA 1983). Thus, while a probation officer may give routine, supervisory instructions to a “probationer, the probation officer cannot prescribe new conditions of probation.”
 
 Id.
 

 At the revocation hearing, the probation officer testified that Ramirez was violated because he failed to follow her lawful instructions to report. However, there were two separate failing-to-report violations listed on the affidavit. The first, a violation of condition 2, was for failing to report by the fifth of each month. The second, the violation of condition 10 which is at issue in this case, was for failing to comply with the probation officer’s instruction to report on August 20, 2007, with an interpreter.
 

 Notably, Ramirez testified that he did report on August 20, 2007, but that he did so without an interpreter. Subsequently, the probation officer was recalled and she testified that Ramirez did, in fact, report on August 20, 2007. Thus the record is clear that Ramirez complied with the portion of the requirement that he report on August 20, 2007, although he did not comply with the portion of the instruction to bring his own interpreter.
 

 However, because the requirement of providing his own interpreter was not a court-imposed condition of probation, Ramirez should not have been found in violation of condition 10 and his probation could not be revoked on that basis.
 
 See Miller v. State,
 
 958 So.2d 981, 985 (Fla. 2d DCA 2007) (holding probation officer’s instruction to stop contacting witness was not court-imposed and thus, court could not revoke probation on that basis);
 
 Hutchinson,
 
 428 So.2d at 740 (holding probation officer’s instruction to report to rehabilitative program for therapy was not court-imposed and trial court could not revoke on that basis);
 
 Holterhaus v. State,
 
 417 So.2d 291, 292 (Fla. 2d DCA 1982) (holding that trial court could not revoke on basis that probationer violated probation officer’s instruction to complete drug program because it was not encompassed within condition of probation to comply with all lawful instructions of probation officer);
 
 Haynes v. State,
 
 440 So.2d 661, 662 (Fla. 1st DCA 1983) (holding probation officer’s instruction to stay away from victim’s house was not routine supervisory direction and thus, probation could not be revoked on that basis). Yet, because Ra
 
 *754
 
 mirez admitted to violating conditions 2, 3, and 4 and failed to preserve his right to appeal the trial court’s findings on those violations and because those violations were sufficient to warrant the revocation, we affirm.
 
 See Watkins v. State,
 
 368 So.2d 363, 365 (Fla. 2d DCA 1979) (affirming revocation on the basis of probationer’s failure to report and moving without consent, even though no evidence supported finding of violation of condition requiring probationer to pay costs of supervision).
 

 On remand, the trial court is directed to strike the finding that Ramirez violated condition 10 by failing to comply with the probation officer’s instruction to report on August 20, 2007, with an interpreter. Ramirez need not be present for this purpose. Otherwise, the order of revocation of probation is affirmed.
 

 Affirmed as modified; remanded with directions.
 

 DAVIS and SILBERMAN, JJ., Concur.