ROBERTS, J.
 

 The appellant, Monterrance Williamson, seeks review of the trial court’s order of probation. The appellant argues that the trial court erred in revoking his probation for a curfew violation. We agree and reverse.
 

 After pleading guilty to aggravated battery, the sentencing court placed the appellant on probation for a period of five years with a curfew for the first 12 months. In its oral pronouncement the sentencing court stated, “The curfew will begin one hour after you complete work and go through one hour prior to you attending work subject to any modification deemed necessary by your probation supervisor.” The written order of probation states, in part:
 

 9. You will remain at your residence between 6 p.m. and 7 a.m. due to a curfew imposed, unless otherwise directed by the court. — First twelve (12) months — one (1) hour before and one (1) hour after work once employed.
 

 The State charged the appellant with violating probation by failing to adhere to his curfew. Specifically, on April 12, 2009, the appellant was not at his residence when the probation officer visited at 8:02 p.m. Approximately 30 to 40 minutes later, the appellant called the probation officer and stated he was at his grandfather’s house working and had lost track of time.
 

 The probation officer had previously instructed the appellant that curfew was from 6:00 p.m. until 7:00 a.m. He interpreted the curfew to mean that the appellant could work until 6:00 p.m. and then had one hour to get home. According to the probation officer, the appellant understood the terms of his curfew, as explained to him, and understood that he could call if there was a work problem.
 

 At the time the probation officer instructed the appellant on the curfew, the appellant was unemployed. However, the probation officer later verified that the appellant was employed by his grandfather. The appellant did not have a set work schedule. He assumed the appellant worked normal 8:00 to 5:00 hours although the appellant did not tell him that would be his work schedule.
 

 The appellant’s grandfather verified that the appellant worked for him and that their schedule varied. On April 12, 2009, he paid the appellant to work for him on an emergency job. They started between 9:30 or 10:00 a.m. and didn’t realize it had gotten that late when they finished. The grandfather understood that the appellant was supposed to be home at 6:00 p.m., but stated, “[It] was really my fault because we was [sic] out about 10 miles out and— I’m a person who works from sun to sun. I never notice it’s about time.”
 

 The trial court found the State had proved by the greater weight of the evi
 
 *845
 
 dence that the violation of probation as to curfew was a willful and substantial one. The trial court also found the appellant was a violent felony offender, revoked his probation, and sentenced him to five years’ imprisonment, followed by five years’ probation, with credit for time served.
 

 The trial court is vested with broad discretion to determine whether a probationer has violated a condition of probation.
 
 See Burgin v. State,
 
 623 So.2d 575, 576 (Fla. 1st DCA 1993). In order to trigger revocation, the violation must be willful and substantial.
 
 Id.
 
 The determination of whether a violation of probation is willful and substantial is a question of fact and will not be overturned on appeal unless the record shows that there is no evidence to support it.
 
 See Anderson v. State,
 
 711 So.2d 106, 108 (Fla. 4th DCA 1998). We accept the facts as found by the trial court; however, the question before us, whether the appellant violated the terms of his probation, is a question of law entitled to
 
 de novo
 
 review.
 
 See Lawson v. State,
 
 969 So.2d 222, 229 (Fla.2007).
 

 The plain language of the written probation order set the appellant’s curfew from 6:00 p.m. until 7:00 a.m. when unemployed, but once employed; the curfew was to begin one hour after the appellant completed work and continue until one hour prior to attending work. The sentencing court’s oral pronouncement, that the curfew was “subject to any modification deemed necessary by [the] probation supervisor,” seems to afford the probation officer some discretion to deviate from the curfew terms when circumstances required, i.e., if the appellant’s job required a commute time in excess of one hour. There is, however, no mandate that the probation officer pre-approve the appellant’s work schedule. The language used by the sentencing court makes the one hour before and after work provision self-executing. That is, once the appellant was employed, his curfew began one hour after he concluded work, regardless of whether that time was 6:00 p.m. or 8:00 p.m.
 
 See Odom v. State,
 
 15 So.3d 672, 677 (Fla. 1st DCA 2009) (“[T]he language used in a condition of probation is determinative of a probationer’s duties and responsibilities while on probation.”) (quoting
 
 Stanley v. State,
 
 922 So.2d 411, 414 (Fla. 5th DCA 2006));
 
 Hutchinson v. State,
 
 428 So.2d 739, 740 (Fla. 2d DCA 1983) (“Probation may only be revoked for violation of a condition which is imposed by the court, not the probation officer.”).
 

 In the instant case, the appellant presented evidence that he was a paid employee for his grandfather on April 12, 2009. The probation officer confirmed that this was true. Thus, the trial court erred in revoking probation when the evidence presented did not establish that the appellant violated the terms of his probation as imposed by the sentencing court.
 
 See Page v. State,
 
 363 So.2d 621 (Fla. 1st DCA 1978) (finding revocation of probation could not be based on the requirement that the appellant make daily telephone contact with the probation officer as that requirement was imposed by the supervisor not the court);
 
 Ramirez v. State,
 
 4 So.3d 752 (Fla. 2d DCA 2009) (finding defendant’s probation could not be revoked for his failure to comply with probation officer’s request that he report with an interpreter, which was not a court-imposed condition of probation).
 

 Accordingly, we reverse the revocation order and sentence and remand to the trial court with directions that the appellant’s probation be reinstated.
 

 WOLF and KAHN, JJ., concur.