IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

JAMES ARLIE TYSON,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

    Appellant,

v.

CASE NO. 1D13-5642

STATE OF FLORIDA,

    Appellee.

_____/

Opinion filed January 6, 2015.

An appeal from the Circuit Court for Madison County.
Andrew J. Decker, I I I, Judge.

Nancy A. Daniels, Public Defender, and Archie F. Gardner, Jr., Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Virginia Chester Harris and David Campbell, Assistant Attorneys General, Tallahassee, for Appellee.

PER CURIAM.

The order modifying and extending the appellant's probation is reversed. See Van Wagner v. State, 677 So.2d 314 (Fla. 1st DCA 1996). Because the prior probationary term was set to expire on November 9, 2013, on remand the appellant's probation shall be deemed to have terminated as of that 2013 date.

REVERSED.

PADOVANO and WETHERELL, JJ. CONCUR, and SWANSON, J., CONCURS
WITH OPINION

SWANSON, J., CONCURRING.

A trial court has broad discretion to decide if a probationer has violated a condition of probation. Williamson v. State, 43 So. 3d 843 (Fla. 1st DCA 2010). However, "[t]o establish a violation of probation, the prosecution must prove by a preponderance of the evidence that a probationer willfully violated a substantial condition of probation." Van Wagner v. State, 677 So.2d 314, 316 (Fla. 1st DCA 1996). That did not happen in this case. The trial court made no finding that appellant had willfully and substantially violated the terms of probation. Frankly, based on a review of the record, the evidence would not have supported such a finding.