LaROSE, Chief Judge.
*489 Everad Glen Pinnock appeals the revocation of his probation and resulting sentences. We have jurisdiction. See Fla. R. App. P. 9.030(b)(1)(A). As explained below, we affirm the revocation of his probation and his sentences; however, we remand for the trial court to enter a corrected revocation order.
Background
Mr. Pinnock was serving five years' probation for use of a computer to seduce a minor, see § 847.0135(3), Fla. Stat. (2006), and attempted lewd or lascivious battery on a child, see §§ 777.04(1), 800.04(4)(a), Fla. Stat. (2006). As a term of his probation, the trial court ordered that Mr. Pinnock could not have access to the internet without a treatment safety plan in place. Mr. Pinnock's probation officer instructed him that he could not possess a phone that could access the internet.
Mr. Pinnock lived in sex offender housing where he was subject to annual searches. During one of those routine searches in January 2016, the probation officer learned that Mr. Pinnock owned a Samsung Galaxy S5 phone that contained applications for prohibited websites.
The State alleged that Mr. Pinnock willfully and substantially violated conditions 7 and 55 of his probation. Condition 7 required that Mr. Pinnock comply with all instructions from his probation officer. Condition 55 prohibited Mr. Pinnock from accessing the internet without a safety plan. At the conclusion of the hearing, the trial court revoked Mr. Pinnock's probation and sentenced him to sixty-nine months in prison. Unfortunately, in announcing its ruling, the trial court did not specify which conditions of probation Mr. Pinnock violated. Approximately three months later, the trial court entered a written revocation order finding Mr. Pinnock in violation of conditions 7 and 55.
Standard of Review
Our standard of review involves a two-step process. Savage v. State, 120 So.3d 619, 621 (Fla. 2d DCA 2013). "[W]e first assess whether the finding of a willful and substantial violation is supported by competent substantial evidence." Id. Then, we review the trial court's decision to revoke probation under an abuse of discretion standard. Id. at 623. "This standard of review rarely results in relief because it requires affirmance of the trial court order unless no reasonable judge could have reached the decision challenged on appeal." Clark v. State, 95 So.3d 986, 987 (Fla. 2d DCA 2012) (citing Canakaris v. Canakaris, 382 So.2d 1197, 1203 (Fla.1980) ).
Analysis
Mr. Pinnock first argues that the State did not prove by the greater weight of the evidence that he accessed the internet on his phone. Thus, he disavows violating condition 55. The State presented no evidence to support its allegation. Accordingly, we are compelled to agree with Mr. Pinnock.
Mr. Pinnock's probation officer was the only witness called by the State at the revocation hearing. She admitted that there was no proof that Mr. Pinnock actually ever used his phone to access the internet. In his defense, Mr. Pinnock testified *490 that he never utilized his phone for internet access. The State presented no other evidence or argument in support of this purported violation.
Rather, the State focused exclusively on Mr. Pinnock's failure to abide by his probation officer's instructions that he not possess a phone with internet access. To that end, Mr. Pinnock's probation officer testified that she reviewed the terms of probation with him and instructed him that "he was not to ... have a cell phone that had internet access or any other type of computer service." She stated that Mr. Pinnock's phone "contained apps, Gmail, Gmail addresses, T-Mobile chat on and clipboard hangouts."
Our record contains no competent substantial evidence that Mr. Pinnock willfully and substantially violated condition 55. Indeed, the trial court's questioning focused upon the alleged violation of condition 7. We conclude that there was no competent substantial evidence to support revocation based upon a violation of condition 55.
We next address Mr. Pinnock's contentions that the State did not prove a violation of condition 7, and that his probation officer imposed a new probation condition that he not possess a smartphone. See Ramirez v. State, 4 So.3d 752, 753 (Fla. 2d DCA 2009) ("[W]hile a probation officer may give routine, supervisory instructions to a 'probationer, the probation officer cannot prescribe new conditions of probation.' " (quoting Hutchinson v. State, 428 So.2d 739, 740 (Fla. 2d DCA 1983) )); see also Miller v. State, 958 So.2d 981, 984-85 (Fla. 2d DCA 2007) ("[A]n instruction that essentially imposes a new condition of probation is not a routine supervisory direction and cannot support a finding that the probationer is in violation." (citing Haynes v. State, 440 So.2d 661, 662 (Fla. 1st DCA 1983) )).
Condition 7 required Mr. Pinnock to comply with all instructions from his probation officer. He ignored her instructions and possessed a phone with internet access. We note that Mr. Pinnock did not raise this specific issue with the trial court. Accordingly, he did not preserve the matter for our review. See Chamberlain v. State, 881 So.2d 1087, 1100 (Fla. 2004) (explaining that it is well-settled that the specific legal ground upon which a claim is based must be raised at trial to be preserved on appeal); Spann v. State, 857 So.2d 845, 852 (Fla. 2003) ; Estate of Herrera v. Berlo Indus., Inc., 840 So.2d 272, 273 (Fla. 3d DCA 2003) ("[I]ssues not presented in the trial court cannot be raised for the first time on appeal." (citing Gisela Invs., N.V. v. Liberty Mut. Ins. Co., 452 So.2d 1056, 1057 (Fla. 3d DCA 1984) )).
Even if preserved, the argument lacks merit. Mr. Pinnock is a sex offender. The prohibition of possessing an internet accessible cellphone is reasonably related to the trial court's instruction barring him from accessing the internet without a treatment safety plan. See Odom v. State, 15 So.3d 672, 681 (Fla. 1st DCA 2009) (holding that the probation officer's instruction that Odom meet with her at her office within the first five days of each month was a reasonable and necessary procedure for implementing the meeting requirement clearly set forth in the written conditions of probation).In this case, it is reasonable that Mr. Pinnock's probation officer would instruct him not to possess a smartphone. Mr. Pinnock was convicted of using the internet to solicit sexual activities with a minor. Obviously, the probation officer's instruction was consistent with Odom and promoted effective supervision by the probation officer.
Conclusion
Despite the trial court's erroneous finding that Mr. Pinnock violated condition 55, *491 the trial court properly revoked his probation based upon his violation of condition 7. See Carrington v. State, 168 So.3d 285, 288 (Fla. 2d DCA 2015) ("We also conclude that it is clear from the record that the trial court would have revoked probation even without its reliance on conditions (3) and (9)."). Because we find no abuse of discretion, we affirm the revocation of Mr. Pinnock's probation and his resulting sentences. However, we remand for the trial court to enter an amended revocation order excising its finding that Mr. Pinnock violated condition 55.
Affirmed; remanded with instructions.
MORRIS and SALARIO, JJ., Concur.